UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY O. WARREN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00781 SRC |
| | ) | |
| METRO TRANSIT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

When Bi-State terminated bus driver Jimmy Warren's employment in 2014, Warren filed a charge of discrimination against Bi-State, and later sued in state court. In that suit, Warren did not bring any ADA claims or name Local 788. A couple years after the state court dismissed that case for failure to state a claim, Warren sued in this Court, asserting ADA claims against Bi-State and Local 788, as well as a breach of the duty of fair representation claim against Local 788. In this Order, the Court grants Local 788's motion to dismiss Warren's ADA and fair-representation claims.

**I.    Background**

Warren alleges that Bi-State Development Agency, his former employer, terminated his employment because of his disability and in retaliation for complaining about discriminatory workplace policies. Doc. 1. Following his termination on August 22, 2014, Warren filed a charge of discrimination with the Equal Employment Opportunity Commission. *Id*. at ¶ 48. The EEOC issued Warren a right-to-sue letter on August 30, 2017. Doc. 11-1.

Warren then filed suit against Bi-State and other defendants in the Circuit Court of St. Louis City on November 20, 2017, asserting various claims, including claims under the Missouri

1

Human Rights Act for disability discrimination and retaliation, which the defendants removed and this Court later remanded back to the state court. *Warren v. Metro Transit, et al.*, 4:17-cv-02936-JAR, Doc. 1-1 (E.D. Mo. Dec. 27, 2017). Warren did not name Local 788 in that action. On remand, the defendants moved to dismiss for failure to state a claim. On June 18, 2019, the state court granted the motion and dismissed all of Warren's claims. Doc. 10-3.

Warren filed the present suit on June 20, 2020, asserting that Bi-State and Local 788 violated the Americans with Disabilities Act by discriminating against him due to his disability and for retaliating against him for complaining about discriminatory policies. Doc. 1. Warren contends that Local 788 violated the ADA by discriminating against Warren "due to his large size." *Id.* at ¶ 75. Specifically, Warren alleges that Local 788 did not reinstate him and did not fairly represent him in his claims against Bi-State due to his disability. *Id.* at ¶ 75-79. Warren further asserts that the union breached its duty of fair representation owed to him. *Id.* at ¶ 76-81; Doc. 11 at 15. Local 788 now moves to dismiss all claims against it.

**II.     Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*,

911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]"  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.

**III.    Discussion**

    **A.    Failure to exhaust administrative remedies**

The ADA has adopted the enforcement "procedures set forth in . . . [42 U.S.C. §] 2000e-5."  42 U.S.C. § 12117(a).  Section 2000e-5(e)(1) provides that a charge of discrimination "shall be filed by . . . the person aggrieved within 300 days after the alleged unlawful employment practice occurred" with the EEOC.  "The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy

3

through conciliation before permitting the aggrieved party to pursue a lawsuit." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (citations omitted). Thus, "as a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under [the ADA]." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985); *see also Voss v. Hous. Auth. of the City of Magnolia, Arkansas*, 917 F.3d 618, 623 (8th Cir. 2019) ("The ADA requires a plaintiff to file a complaint with the EEOC before filing a suit in federal court." (citation omitted)).

Local 788 argues that Warren failed to exhaust his administrative remedies because he did not file a charge with the EEOC against it. Doc. 4 at 2-5. The union asserts that although Warren did file a charge with the EEOC, he only named Metro as the discriminating party. Doc. 16 at 3; Doc. 11-2. Warren contends that Local 788 had notice of the charge because the narrative portion of the charge named a member of the union. Doc. 11-8. Because "adequate notice of the charge" has been recognized as an exception to the general rule that the charge must file a charge against a party, *see Boyd v. BJC Health Sys.*, No. 4:17CV814 RLW, 2018 WL 620484, *5 (E.D. Mo. Jan. 29, 2018) (citation omitted), Warren claims he exhausted his administrative remedies.

Warren's argument misses the mark. Regardless of whether Local 788 had notice that Warren filed an EEOC charge, Warren failed to exhaust his administrative remedies because the charge does not contain sufficient information to put Local 788 on notice of Warren's ADA claims against it. A party satisfies the exhaustion requirement "if the information supplied in a charge of discrimination is sufficient to provide the employer notice of the charge's subject matter, and identif[ies] generally the basis for the claim." *Evans v. Hardee's Food Sys., Inc.*, No. 4:12CV01675 ERW, 2013 WL 6732105, at *7 (E.D. Mo. Dec. 19, 2013) (citing *McNeil v.*

4

*Metro*, 748 F. Supp. 2d 1047, 1056 (E.D. Mo. 2010)).  While courts must "liberally construe an administrative charge for exhaustion of remedies purposes, [courts] also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.'"  *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (quoting *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir.1996)).   Courts recognize such a limitation because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . .."  *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (citation omitted).  Accordingly, "claims of . . . discrimination in a complaint may be as broad as the scope of the Equal Employment Opportunity Commission (EEOC) investigation which reasonably could have been expected to result from the administrative charge."  *Parisi*, 400 F.3d at 586 (citing *Kells v. Sinclair Buick–GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000).  As such, the Court must assess whether Warren's ADA claims against Local 788 could have reasonably been expected to result from his administrative charge.

  Warren's charge only lists "Metro" as the "Employer [or] Labor Organization" that he "believes discriminated" against him.  Doc. 11-2.  Warren also only checked the box for "disability" as the basis for his discrimination, leaving the "retaliation" box blank.  *Id*.  In the narrative portion of the charge, Warren states that Metro knew about his disabilities, but terminated him "because of missed days due to [his] disabilities."  *Id*.  After his supervisor at Metro informed him that he "was terminated for violating [his] last chance agreement," his "Union President (Mike Breihan) requested a 2nd last chance agreement" but the "request was denied."  *Id*.  Warren concludes the narrative portion by stating he "believe[s] that [he] was

5

denied a second chance agreement and terminated due to [his] disabilities . . . in violation of the [ADA]." *Id*.

Based on these allegations, the Court cannot conclude that Warren's charge exhausted his administrative remedies as to his retaliation and discrimination claims under the ADA against Local 788. As an initial matter, Courts distinguish retaliation claims from discrimination claims for exhaustion purposes. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851–53 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–11 (2002)) (other citations omitted). Failure to mention retaliation in the narrative portion of the charge or check the box for retaliation results in the failure to exhaust administrative remedies as to the retaliation claim. *Id*. at 849–53 (citing *Morgan*, 536 U.S. at 110–11) (other citations omitted); *see also Cooper v. City of St. Louis*, No. 4:16 CV 1521 RWS, 2018 WL 3093504, at *4 (E.D. Mo. June 22, 2018) (citations omitted). Here, Warren only checked the box for "disability" and did not include any allegations about retaliation in his charge. Thus, the court finds Warren failed to exhaust his administrative remedies as to his retaliation claim.

Turning to the discrimination claim, even liberally construing the allegations, nothing in the charge indicates that Local 788 discriminated against Warren. To the contrary, it asserts that Local 788's president attempted to prevent Warren from being terminated. The charge provides no basis for the EEOC to investigate Local 788 for discriminatory acts or for failing to fairly represent Warren, defeating the purpose of requiring parties asserting discrimination under the ADA to first file a charge with the EEOC. *See Cobb*, 850 F.2d at 359 ("The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit."). Because Warren failed to include any information that would put the EEOC or the

6

union on notice of the discrimination claims against Local 788, the court finds that Warren failed to exhaust his administrative remedies as to his ADA discrimination claim. *See Richter*, 686 F.3d at 850–53 (citing *Morgan*, 536 U.S. at 110–11) (other citations omitted); *see also Mayes v. Reuter*, No. 4:17 CV 2905 CDP, 2018 WL 2267905, at *6 (E.D. Mo. May 17, 2018) ("Entirely new allegations that appear for the first time in the federal-court complaint should be dismissed for failure to exhaust administrative remedies if the EEOC charge did not provide notice that they would be raised." (citing *Richter*, 686 F.3d at 850–53)).

      The Court's conclusion aligns with other decisions that have found administrative remedies unexhausted when the claims asserted in a charge of discrimination depart from the claims advanced in a suit. In *Parisi*, the plaintiff asserted that the Boeing violated the Age Discrimination in Employment Act. 400 F.3d at 584. Plaintiff alleged that he applied for positions at the company, but Boeing did not hire him because it favored younger individuals. *Id*. However, his EEOC administrative charge only identified a single incident "in which he applied for a position and was rejected." *Id*. at 585. The Court found that the plaintiff failed to exhaust his administrative remedies as to the unspecified refusals to hire because "it is not reasonable for the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Id.* at 586; *see also Lenk v. St. Louis Public Schools*, No. 4:18 CV 1296 DDN, 2018 WL 5862747, at *4 (E.D. Mo. Oct. 24, 2018) (finding that the plaintiff failed to exhaust her administrative remedies because not only did she "fail to list [a defendant] as an employer in her EEOC charge, she also fail[ed] to list any of the adverse actions for which she now complains."). Appling this principle to the present matter, it would not have been reasonable for the EEOC to investigate Local 788's actions based on the allegations in the charge.

7

In *Sellers v. Deere & Co.*, the Court found that the plaintiff failed to exhaust one of his claims. 791 F.3d 938, 943 (8th Cir. 2015). The plaintiff's charge of discrimination described his increased workload and perceived mistreatment by Deere employees, but failed to mention Deere's company-wide personnel reorganization or his demotion. *Id*. The failure to reference the personnel reorganization or his demotion in his EEOC charge meant that he failed to exhaust his administrative remedies as to that claim and thus the court found he was prohibited from alleging that the personnel reorganization "effectively demoted him." *Id*. (citing *Parisi*, 400 F.3d at 585–86). Similarly, in *Evans*, the plaintiff brought suit alleging that her employer failed to accommodate her disability in violation of the ADA. 2013 WL 6732105, at *7. The Court found that the plaintiff failed to exhaust her administrative remedies as to this claim because nothing in the narrative portion of the EEOC charge "suggest[ed] that Defendants failed to accommodate her." *Id*. Like the charges in *Sellers* and *Evans*, Warren's charge failed to allege that Local 788 discriminated against him based on his disability and therefore Warren failed to exhaust his remedies as to that claim.

Thus, for the reasons stated above, the Court finds that Warren failed to exhaust his administrative remedies as to his ADA claims against Local Union 788. As such, the Court dismisses these claims.

  **B. Timeliness of Warren's ADA claims**

Exhaustion notwithstanding, Warren's claims against Union 788 still fail because he did not timely file his ADA claims. As more fully explained in this Court's Order on Bi-State's Motion for Judgment on the Pleadings, Doc. 18, Warren had to file suit asserting his ADA claims against Local 788 within ninety-days of receiving a right-to-sue letter from the EEOC. Here, Warren received a right-to-sue letter from the EEOC dated to August 30, 2017, Doc. 1-1,

8

and filed an action asserting his ADA claims on June 20, 2020, well beyond the ninety-day limitation. Warren also failed to present any reason why equitable tolling should apply. Accordingly, even if Warren exhausted his administrative remedies, the Court would dismiss his claims as untimely.

### C. Breach of duty of fair representation

Warren asserts two counts in his Complaint: 1) violation of the ADA for disability discrimination; 2) violation of the ADA for retaliation. Doc. 1. In his opposition to Local 788's Motion to Dismiss, Warren states that he also asserts claims for "breach of duty and failure to represent" and asks the Court to exercise supplemental jurisdiction over those claims. Doc. 11 at 15. Because "a complaint may not be amended by the briefs in opposition to a motion to dismiss," the Court looks to the Complaint to ascertain what claims Warren alleged. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citations omitted).

In asserting Count I for violation of the ADA for disability discrimination, Warren alleges that "the union had a fiduciary duty to represent a union member." Doc. 1 at ¶ 80. Local 788 "breached their duty of fair representation by displaying conduct that is arbitrary, discriminatory, or in bad faith." *Id*. at ¶ 77. Specifically, Local 788 "breached the duty of fair representation by providing poor representation of the collective bargaining agreement" and "displayed discriminatory conduct in bad faith by not representing Mr. Warren in his claims against Metro/Bi-State due to his disability." *Id*. at ¶¶ 78, 79. Lastly, Local 788 "failed to repair the breach by reinstating Mr. Warren when the union reinstated other employees penalized by *Last Chance for Misses Agreement*" and Warren contends discriminatory animus motivated the union's decision not to rehire him. *Id*. at ¶¶ 84-85.

9

Although Warren asserts the allegations related to breach of the duty of fair representation in a count alleging an ADA violation, he does not clearly state on what basis he asserts his fair-representation claim. Warren asks the Court to exercise supplemental jurisdiction over this claim, implying that his fair-representation claim arises under state law. As explained below, whether brought under federal labor laws, or federal or state employment laws, Warren's fair-representation claim fails as a matter of law.

### 1. Federal labor laws

Plaintiffs may bring fair-representation claims under § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), *see Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 86–87 (1989), and as a hybrid action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 335 n.4 (8th Cir. 2014) (explaining that a hybrid action comprises a suit against the employer under § 301 and a suit against the union for breach of the duty of fair representation, which is implied under the NLRA (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983))). However, Warren states that he does not allege a hybrid claim. Doc. 11 at 15.

Numerous courts have held that federal labor laws such as the NLRA and the LMRA do not apply to Bi-State or, by extension, to Warren. *Vaught v. Bi-State Dev. Agency*, No. 4:15 CV 1499 CDP, 2016 WL 1305088 (E.D. Mo. Apr. 4, 2016) (collecting cases); *see also Stenger v. Bi-State Dev. Agency of Missouri/Illinois Metro. Dist.*, 808 F.3d 734 (8th Cir. 2015). The parties do not raise or even mention the issue, so the Court need not engage in a detailed analysis because even if these laws applied, the statute of limitations bars Warren's claim.

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (quoting *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). A six-month statute of limitations applies to fair-representation claims. *DelCostello*, 462 U.S. at 172 (1983); *DeSantiago v. Laborers Intern Union of N. Am., Local No*. 1140, 914 F.2d 125, 130 (8th Cir. 1990) (citing *Delcostello*, 462 U.S. at 172). The limitations period begins when the member knew or should have known about the alleged failure to represent. *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014) (citing *Scott v. UAW Local 879*, 242 F.3d 837, 839 (8th Cir. 2001)).

Here, Warren alleges that Defendants informed Warren that he violated the Last Chance Agreement For Misses policy on August 1, 2014. Doc. 1 at ¶ 43. They declined to reinstate Warren, noting that he had previously been unsuccessful under the policy. *Id*. at ¶ 44. Warren then filed a grievance but did not prevail. *Id*. at ¶ 45. Bi-State terminated Warren on August 22, 2014. *Id*. at ¶ 45. Warren alleges that that Local 788 breached its duty of fair representation by failing to advocate that he could perform the essential functions of his job, provided poor representation of the collective bargaining agreement between Bi-State and Local 788, and displayed discriminatory conduct by not representing Warren in his claims against Bi-State due to his disability. Thus, given that Warren's fair-representation claim centers around his termination in 2014, Warren knew or should have known about Local 788's failure to represent in 2014—nearly six years before the present suit. As such, the statute of limitations bars his putative claim.

### 2. Federal and state employment laws

Plaintiffs may also bring fair-representation claims "under Title VII and the [Missouri Human Rights Act], if [their] union, for discriminatory reasons, breaches its duty to represent [them] fairly in the handling of his complaints." *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002) (citations omitted). Additionally, because a union may not be held liable under the ADA without a finding that it breached its duty of fair representation, plaintiffs may allege that a union breached its duty of fair representation merely as an element of an ADA claim, and not as a freestanding fair-representation claim. *Griffin v. Teamsters Local 618*, No. 4:10CV1915 FRB, 2011 WL 13209591 (E.D. Mo. Apr. 29, 2011), *aff'd*, 446 F. App'x 819 (8th Cir. 2011); *Wood v. Crown Redi-Mix, Inc.*, 218 F. Supp. 2d 1094 (S.D. Iowa 2002), *aff'd*, 339 F.3d 682 (8th Cir. 2003). If Warren asserts his fair-representation claim simply to plead a required element of an ADA claim against a union, Warren's claim necessarily fails because Warren failed to exhaust his administrative remedies against Local Union 788 and failed to file suit alleging his ADA claims within 90 days after receiving the right-to-sue letter. *See supra* Sections III.A and III.B. Warren's claim would fail for the same reasons if brought under Title VII or the MHRA. *See* 42 U.S.C. § 2000e-5(f)(1); Mo. Ann. Stat. § 213.111(1); *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22 (Mo. 2018).

Lastly, to the extent Warren purports to bring a fair representation claim based on state law other than the MHRA, no such claim exists. Missouri Courts have long stated that "questions involving a labor union's duty of fair representation are governed by federal law." *Sw. Bell Tel. Co. v. Buie*, 689 S.W.2d 848, 852 (Mo. Ct. App. 1985) (citing *Roach v. Consolidated Forwarding Co.*, 665 S.W.2d 675, 681 (Mo. App. 1984)); *see also Vaca v. Sipes*,

12

386 U.S. 171, 176 (1967) (explaining that fair representation claims are creatures of federal statute).  Thus, the six-month statute of limitations bars Warren's fair-representation claim. *DelCostello*, 462 U.S. at 172 (1983).

Accordingly, the Court grants [4] Local 788's motion to dismiss, and dismisses all claims asserted against Local 788.

So Ordered this 13th day of January 2021.

_____
**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**