UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY O. WARREN, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:20-cv-00781 SRC |
| METRO TRANSIT, et al., | ) |
| Defendant(s). | ) |

**Memorandum and Order**

When Bi-State terminated bus driver Jimmy Warren's employment in 2014, Warren filed a charge of discrimination against Bi-State, and later sued in state court. In that suit, Warren did not bring any ADA claims or name Local 788. After the state court dismissed that case for failure to state a claim, Warren sued in this Court, asserting ADA claims against Bi-State and Local 788, as well as a breach of the duty of fair representation claim against Local 788. In this Order, the Court addresses Bi-State's motion for judgment on the pleading, and dismisses Warren's ADA claims against Bi-State.

**I.   Background**

Warren alleges that Bi-State Development Agency (doing business as Metro Transit), his former employer, terminated his employment because of his disability and in retaliation for complaining about discriminatory workplace policies. Following his termination on August 22, 2014, Warren filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued Warren a right-to-sue letter on August 30, 2017.

Warren then filed suit against Bi-State and other defendants in the Circuit Court of St. Louis City on November 20, 2017, asserting various claims, including claims under the Missouri

1

Human Rights Act for disability discrimination and retaliation. *Warren v. Metro Transit, et al.*, 4:17-cv-02936-JAR, Doc. 1-1 (E.D. Mo. Dec. 27, 2017). However, Warren did not assert an ADA claim in that case. The defendants removed the action to federal court on the basis of federal question jurisdiction, arguing that Warren asserted a claim under the Family Medical Leave Act. *Id.* at Doc. 1. The court remanded the action back to the state court for lack of subject matter jurisdiction because Warren did not assert an FMLA claim. *Id*. at Doc. 17.  On remand, the defendants moved to dismiss for failure to state a claim. On June 18, 2019, the state court granted the motion and dismissed all of Warren's claims. Doc. 10-3.

Warren filed the present suit on June 20, 2020, asserting that Bi-State and Amalgamated Transit Local Union 788 violated the Americans with Disabilities Act.  Local 788 filed a motion to dismiss all claims against it, which the Court granted.  Doc. 17.  Bi-State filed a motion for judgment on the pleadings, which the Court addresses below.

## II. Timing of Bi-State's motion for judgment on the pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter all pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "Under Rule 12(c), the pleadings are closed once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim has been made."  *Spagna v. Tiff*, No. 8:19-CV-481, 2020 WL 7075523, at *2 (D. Neb. Dec. 3, 2020) (citations and quotations omitted).  Here, Bi-State filed an answer to Warren's complaint and thus the pleadings are closed between those parties. Consequently, because Warren and Bi-State are the only remaining parties in this action following the dismissal of Local Union 788, the pleadings also are closed as to the entire action. Accordingly, the Court proceeds to consider Bi-State's motion.

**III.     Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings. A motion under Rule 12(c) is determined by the same standards applied to a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562 (quoted case omitted) (emphasis in original). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable." *id*. at 556. The Court reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. at 550 U.S. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court

3

must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, the pleader must support them with factual allegations. *Id*. at 679. The court reviews the plausibility of the plaintiff's claim "as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

"When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted); *see also Cent. Telecommunications, Inc. v. City of Jefferson City, Mo*., 589 F. Supp. 85, 91 (W.D. Mo. Feb. 29, 1984) ("The scope of a court's inquiry on a Rule 12(b)(6) motion is limited to the pleadings.").

**IV.    Discussion**

    **A.    Timely filing ADA claims**

The ADA has adopted the enforcement "procedures set forth in . . . [42 U.S.C. §] 2000e-5." 42 U.S.C. § 12117(a).  Section 2000e-5(e)(1) provides that a charge of discrimination "shall be filed by . . . the person aggrieved within 300 days after the alleged unlawful employment practice occurred" with the EEOC. "[I]f a charge is filed with the Commission," the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). In other words, "[t]o initiate a lawsuit under the ADA, a plaintiff must timely file a charge of

4

discrimination with the EEOC, receive a right-to-sue letter, and file suit within ninety days of receipt of the letter." *Nunley v. Ferguson-Florissant Sch. Dist.*, No. 4:20-CV-662 AGF, 2020 WL 4001191, at *3 (E.D. Mo. July 15, 2020). Bi-State argues that the Court should enter judgment in its favor because Warren failed to timely file his ADA claims within ninety days of receiving a right-to-sue letter from the EEOC.

Here, Warren received a right-to-sue letter from the EEOC dated to August 30, 2017, Doc. 1-1, and filed an action asserting his ADA claims on June 20, 2020, well beyond the ninety-day limitation. Warren does not dispute, or even address, that he filed his ADA claims more than 90 days after receiving a right-to-sue letter. Instead, he argues that the 90-day filing period should be equitably tolled.

The ninety-day filing period is akin to a statute of limitations, not a jurisdictional limit, and so it may be subject to equitable tolling. *Nunley*, 2020 WL 4001191, at *3 (citing *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989)). Yet, courts have only found tolling of the ninety-day filing period appropriate "in circumstances which were truly beyond the control of the plaintiff." *Id*. (citing *Hill*, 869 F.2d at 1134). The United States Supreme Court and Eighth Circuit have suggested circumstances when Courts may find equitable tolling appropriate. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 451–52 (8th Cir.1998); *Anderson v. Unisys Corp.*, 47 F.3d 302, 307 (8th Cir.1995). For the reasons explained below, none of those circumstances apply here.

Equitable tolling may apply when the EEOC failed to give proper notice or provided misleading information. *Lawrence*, 132 F.3d at 451–52; *Anderson*, 47 F.3d at 307. Here, Warren does not assert that he did not receive notice or that the EEOC misled him. Rather he

5

acknowledges that he received his right-to-sue letter from the EEOC, Doc. 1 at ¶ 48, and attached the right-to-sue letter to the Complaint. Doc. 1-1. The letter states, "[y]our lawsuit under . . . the ADA . . . **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice."** *Id*. (bolded text, capitalization, and underline in original). Courts have found this language sufficient for notice and not misleading. See e.g., *Chastain v. United Parcel Serv., Inc.,* No. 1:08CV47RWS, 2010 WL 546723, at *6 (E.D. Mo. Feb. 9, 2010). Warren offers nothing else to the Court that suggests that he could not file with ADA due to something out of his control.

Instead, Warren contends that equitable tolling should apply because the statute of limitations applicable to his ADA claims tolled during the pendency of his state court action. However, the filing of suit based on the same allegations does not toll the ninety-day period under Section 2000e-5(f)(1). *See McDaniel v. Kraft Foods Grp., Inc*., No. 6:15-CV-03087-MDH, 2015 WL 2402960 (W.D. Mo. May 20, 2015), *aff'd*, 632 F. App'x 314 (8th Cir. 2016).

In *McDaniel*, the plaintiff filed three separate suits in federal court, each alleging the same Title VII claim. *Id*. at *1; *see also Ewigman v. Tipton*, No. 17-00165-CV-W-ODS, 2017 WL 6030469, at *2 (W.D. Mo. Dec. 5, 2017) ("[B]ecause the procedural requirements are to be construed exactly the same, cases discussing the 90–day limitation period under Title VII will apply to the ADA."). She filed the first suit within ninety days of receiving a right-to-sue letter from the EEOC, but the court dismissed the suit without prejudice. *Id*. The court also dismissed her second suit without prejudice. *Id*. The court found the third suit, filed about four years after the EEOC issued the plaintiff's right-to-sue letter, untimely because the plaintiff did not file it within ninety days of receiving the right-to-sue letter. *Id*. at *2. The court explained that the filing of the previous lawsuits did not toll the ninety-day time period. *Id*. (citing *Garfield v. J.C.

*Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir.1995) ("A dismissal without prejudice does not toll a statute of limitation. Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.") (other citations omitted). The Eighth Circuit affirmed, agreeing that the statute of limitations barred the suit. *McDaniel v. Kraft Glob. Foods*, 632 F. App'x 314 (8th Cir. 2016).

*Macon v. Cedarcroft Health Servs., Inc.*, stands for a similar proposition. No. 4:12-CV-1481 CAS, 2013 WL 1283865 (E.D. Mo. Mar. 27, 2013). There, the plaintiff received right-to-sue letters from the EEOC and the Missouri Human Rights Commission. *Id*. at *3. Plaintiff then filed suit in state court, asserting ADA and MHRA claims, 156 days after receipt of the first letter and 88 days after receipt of the second letter. *Id*. at *1. The plaintiff later amended her complaint and abandoned the MHRA claim. *Id*. at *3. The defendants moved for judgment on the pleadings, arguing that plaintiff's ADA claims were untimely because she filed them more than ninety days after she received her right-to-sue letter. *Id*. at *4. The court agreed, finding the ADA claims untimely despite the filing of the state action within ninety days of receiving an MHRC right-to-sue letter. *Id*. at *5. Thus, the timely filing of an MHRA claim will not save untimely ADA claims included in the same suit. *Id*.; *see also Muth v. Cobro Corp.*, 895 F. Supp. 254, 256 (E.D. Mo. 1995).

Accordingly, Warren's timely filed MHRA claim does not save his untimely ADA claims. *See Macon*, 2013 WL 1283865. Moreover, Warren's ADA claims would remain untimely even if he had asserted them in the now-dismissed state court action. *See McDaniel v. Kraft Foods Grp., Inc.*, 2017 WL 6030469. Simply put, Warren filed his ADA claims for the first time nearly three years after receiving a right-to-sue letter from the EEOC and therefore the Court finds them untimely.

Finding them meritless, the Court only briefly discusses Warren's additional arguments that he timely filed his ADA claims or that equitable tolling should apply. First, Warren argues that his ADA claims arose from the same conduct, transaction, or occurrence set forth in his original state court petition. As such, Warren contends his ADA claims relate back to the original petition and therefore timely pursuant to Federal Rule of Civil Procedure 15. However, Rule 15 only applies to amended pleadings within the same action; it does not apply to pleadings filed in a separate and distinct case. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment stating a claim which arose 'out of the conduct set forth in the original pleading.'" (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986))). Thus, Warren's relation back argument fails.

Next, Warren argues his original MHRA claim asserted a "continuing violation" theory, which equitably tolled the statute of limitations for his ADA claims. In support, Warren cites a litany of Missouri state court cases interpreting the MHRA, but cites none demonstrating that an MHRA claim asserting a "continuing violation" theory tolls the ninety-day limit to file an ADA claim. Moreover, the "continuing violation" theory has no relevance to equitable tolling; it simply permits plaintiffs asserting an MHRA claim to allege discrimination that occurred before the statutory period if they can show that discrimination continued within the statutory period. *Thompson v. Western-Southern. Life Assur. Co*., 82 S.W.3d 203, 206-07 (Mo. Ct. App. 2002). It does not delay the time within one must file suit in state or federal court after receiving a right-to-sue letter. *Hammond v. Mun. Correction Inst*., 117 S.W.3d 130 (Mo. Ct. App. 2003), *opinion adopted and reinstated after retransfe*r (Nov. 6, 2003)

Lastly, Warren asks the Court to equitably toll his ADA claims because a Missouri state court decision extinguished his state law claims. Warren argues that *Jordan v. Bi-State Dev. Agency*, 561 S.W.3d 57 (Mo. Ct. App. 2018), relied upon by the state court to dismiss his MHRA claims, extinguished his state court rights. As a result, his federal claims equitably tolled because he can now only assert his claims in federal court. Warren effectively asks this court to find that any time a state court decision renders a plaintiff's state law claims deficient, any applicable federal statute of limitations should be tolled to permit the plaintiff to pursue his claims in federal court. While the Warren cites no authority for this proposition and the Court finds it dubious, the Court rejects Warren's argument because even if the state court decision equitably tolled the ninety-day period, Warren still did not file his ADA claims within ninety days of the state action being dismissed and offers no explanation for the delay.

In sum, Warren failed to file suit asserting his ADA claims within ninety days of receiving his right-to-sue letter and has not offered sufficient justification for this Court to find equitable tolling appropriate. As such, Warren's ADA claims against Bi-State are untimely.

**B.    Res judicata**

Res judicata also bars Warren's ADA claims against Bi-State. "*Res judicata* operates so that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown v. Kansas City Live, LLC*, 931 F.3d 712 (8th Cir. 2019) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981)). "Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Id.* (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

As a Missouri state court issued the judgment in Warren's prior suit against Bi-State, "Missouri *res judicata* law applies." *Id*. (citing *Brown v. St. Louis Police Dept.*, 691 F.2d 393, 395–96 (8th Cir. 1982) (emphasis added). "Under Missouri law '*res judicata* applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Id*. (quoting *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006)) (emphasis added). *Res judicata* serves to "bar[] relitigation from the same 'operating facts giving rise to one or more bases for suing' and applies 'to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time." *Id*. (quoting *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. 2002) (en banc)).

Warren does not challenge the court-of-competent-jurisdiction element. He further admits that he filed his first suit in Missouri state court, Doc. 1 at ¶ 49, and that the state court dismissed his state law claims. *Id*. at ¶ 52. Thus, the Court finds the first element has been met.

Warren disputes that the second element has been met, arguing that the state court's dismissal without prejudice does not constitute a final judgment on the merits. Doc. 10 at 14. However, "when a plaintiff suffers a dismissal without prejudice and then elects not to plead further, the dismissal amounts to an adjudication on the merits and precludes relitigation of the claim that was dismissed." *Duffner v. City of St. Peters, Missouri*, 930 F.3d 973, 976 (8th Cir. 2019) (citation omitted); *see also Friday v. McClure*, 536 S.W.3d 235, 240 (Mo. Ct. App. 2017). Warren did not amend his state court petition to plead further and thus the state court's dismissal serves as a final judgment on the merits. Accordingly, the court finds the second element has been met.

Turning the third element, Bi-State argues that Warren's dismissed MHRA claims and his present ADA claims are the same for purposes of *res judicata* because they are based on identical allegations. Doc. 9 at 11. Courts assessing whether *res judicata* bars a claim "look[] to the factual bases for the claims, not the legal theories." *Brown*, 931 F.3d at 715 (quoting *Chesterfield Village*, 64 S.W.3d at 319). Thus, "[i]n order for a subsequent claim on the same transaction to be considered [a] separate [cause of action] . . . there must be new ultimate facts . . . that form a new claim for relief." *Id.* (quoting *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. 2008) (en banc).

Here, Warren even admits in his opposition to Bi-State's Motion for Judgment on the Pleadings that his ADA claim "arose out of the same conduct, transaction, or occurrence set forth in the original MHRA petition." Doc. 10 at 11. Warren further states in his opposition that he "alleges the same facts regarding the discrimination and injurious 'Last Chance for Misses' policy which was used by Bi-State and the Union to fire [him] while sick." *Id.*

A review of Warren's state court petition and complaint in the present matter reflects this reality. Warren alleges in both his first suit and this action that he is disabled because he suffers from congestive heart failure, hypertension, gout, diabetes, and obesity. *See* Doc. 9-4 at ¶ 6; Doc. 1 at ¶ 3. Warren also alleges in both actions that Bi-State refused to accommodate his alleged disability, issued him write-ups, placed him on Last Chance Agreements for Misses, terminated his employment and rehired him, and ultimately terminated his employment again on August 22, 2014, in violation of the law. *See* Doc. 9-4 at ¶¶ 12-29; Doc. 1 at ¶¶ 12-47. Thus, as both claims stem from the same factual allegations, the Court finds Warren's MHRA and ADA claims are based on the same transaction and therefore could have been brought in Warren's

11

state court suit.  *See Chesterfield Vill., Inc*., 64 S.W.3d at 317–321.  Accordingly, the Court concludes that the "same cause of action" portion of the third element is satisfied.

Lastly, "[a] party is identical, for purposes of res judicata, when it is the same party that litigated the prior suit or when the new party was in privity with the party that litigated the prior suit."  *Lauber-Clayton, LLC v. Novus Properties Co.*, 407 S.W.3d 612, 619 (Mo. App. 2013).  Warren sued Bi-State for discrimination under the MHRA in state court.  Warren again sued the same party, Bi-State, for discrimination under the ADA in this Court.  Accordingly, the third element has been met.

In sum, Warren's ADA claims stem from the same set of facts as his previously filed MHRA claims and thus Warren could have brought his disability discrimination and retaliation claims under the ADA in his state-court *suit.  Res judicata bars* his ADA claims against Bi-State.

Accordingly, the Court grants [8] Bi-State's motion for judgment on the pleadings, and dismisses Warren's ADA claims against Bi-State.

So Ordered this 13th day of January 2021.

*/s/ SL R. Cl*
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**